IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00556-PAB-MJW

IVETTE T. ECHENIQUE,

Plaintiff(s),

v.

GOODWILL INDUSTRIES OF DENVER,

Defendant(s).

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that Defendant Goodwill Industries of Denver's Motion to Compel Plaintiff to Appear in Colorado for Depositions (docket no. 44) is **GRANTED** as follows.

Plaintiff is representing herself pro se. Plaintiff currently resides in Alexandria, Louisiana. Based upon Plaintiff's response (docket no. 44), Plaintiff's mother is ill and needs Plaintiff to take care of her. Plaintiff argues in her response that her mother cannot travel due to her health condition. Moreover, Plaintiff argues that due to her own medical condition, she should not travel to Colorado as well. Plaintiff has not provided any medical documentation attached to her response (docket no. 44) demonstrating that she cannot travel. Further, Plaintiff states in her response (docket no. 44): **"I need to target my attention towards my mothers [sic] health and my own at this time. I explained this to defendant. I even tried to ask them to accommodate and travel to La [sic] or via teleconference and they state 'no'."**

Here, the court finds that the Plaintiff filed this lawsuit in the District of Colorado on March 4, 2013. See Title VII Complaint (docket no. 1). Plaintiff picked the forum to file this lawsuit. Generally, a Plaintiff's deposition must be taken in the jurisdiction in which she filed her complaint because she subjected herself to that jurisdiction by virtue of filing a complaint in that forum unless Plaintiff can demonstrate "extreme hardship." Srebnik v. Dean, Civil Action No. 05-cv-01086-WYD-MJW, 2006 WL 2331014, at , at *1 (D. Colo. June 20, 2006). Moreover, a Plaintiff is generally required to bear any reasonable burdens or inconvenience that the action presents, including travel for depositions. See Gipson v. Sw. Bell Tel. Co., 2008 WL 4499972, at U.S. Dist. LEXIS 77481, AT *5 (D. Kan. Oct. 1, 2008).

2

This court further finds that costs to travel from Louisiana to Colorado do not rise to the level of "extreme hardship." However, this court is sensitive of the fact that Plaintiff is caring for her mother who is ill.

Accordingly, it is **FURTHER ORDERED** that Plaintiff has the option to either make arrangements for her mother's care and travel to Colorado to have her deposition taken or pay the reasonable travel costs for Defendant's attorney [i.e., one attorney] to fly to Louisiana to take her deposition in her home town of Alexandria, Louisiana. The reasonable travel costs shall include round trip coach airfare from Denver, Colorado, to Alexandria, Louisiana; lodging for one night in Alexandria, Louisiana; car rental for one day; and meals not to exceed $60.00. The parties shall forthwith meet, confer, and set Plaintiff's deposition consistent with this order, and defendant shall advise the court in writing of the date and time set for the deposition of plaintiff, which shall be set on or before November 28, 2013.

Date: November 4, 2013