IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00556-PAB-MJW

IVETTE T.  ECHENIQUE,

Plaintiff(s),

v.

GOODWILL INDUSTRIES OF DENVER,

Defendant(s).

---

## RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT
### (Docket No. 41)
### and
## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE
### (Docket No. 51)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case was referred to the undersigned by an Order Referring Case entered

by Judge Philip A. Brimmer on April 18, 2013.  (Docket No. 10).

## BACKGROUND

This is an employment discrimination case brought pursuant to Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.  The pro se plaintiff alleges the defendant

discriminated against her because of race, sex, religion, national origin (Cuban

American), and age.  (Docket No. 34 at 3).  She also claims there was an unsafe

environment and work hazard, sexual harassment, ongoing retaliation and hostile

environment, defamation, slander, and libel.  (Docket No. 34 at 3).  The Amended

2

Complaint (Docket No. 34) is not a model of clarity and is essentially a rambling narrative that does not comply with Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Following the commencement of this action, this court set first a status conference for the pro se plaintiff (Docket No. 11) and then a scheduling conference (Docket No. 24). Plaintiff was granted leave to appear by telephone at both proceedings based upon her averment that she was in Louisiana caring for her mother who had been ill. (See Docket Nos. 13 at 6, 15, 21, 28, 30). A Scheduling Order was entered following the Scheduling Conference. (See Docket Nos. 33 and 36). Deadlines were set for, *inter alia*, Rule 26(a)(1) disclosures (July 24, 2013), expert witness designations (October 21, 2013; rebuttal November 21, 2013); completion of discovery (December 10, 2013), and the filing of dispositive motions (January 10, 2014). A Final Pretrial Conference is set for March 10, 2014 at 9:00 a.m. Plaintiff's request for a brief extension of the deadline to make initial disclosures was granted up to and including August 1, 2013. (Docket No. 40). Plaintiff sought the extension because she said she was physically and emotionally recovering from a mugging and a car accident. (Docket No. 37). Plaintiff subsequently filed a document that she identified as her initial Rule 26(a)(1) Disclosures (Docket No. 43).

On July 23, 2013, defendant filed a Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, Motion for More Definite Statement (Docket No. 41). On October 18, 2013, defendant moved to compel plaintiff to appear in Colorado for depositions. (Docket No. 44). Defense counsel stated therein that plaintiff was

repeatedly asked to provide possible dates during the months of September and

October 2013 for her deposition to take place in Denver, but plaintiff refused to provide

such dates, stating should will not travel to Colorado for her deposition.  More

specifically, on July 2, 2013, defendant discussed potential deposition dates with

plaintiff, but she did not identify any dates on which she could be deposed.  As a result,

defendant noticed plaintiff's deposition for Friday, September 27, 2013.  On August 31,

2013, plaintiff left a voice mail message for counsel stating that she wanted to

reschedule it because she was in Louisiana and could not leave her mother at that time

due to her health or that if counsel wanted to come to Louisiana, then he could go

ahead.  (Docket No. 44 at 2).  Based on plaintiff's representation, defense counsel

canceled the deposition.  During a subsequent teleconference with defense counsel,

plaintiff reiterated that she could not travel to Colorado because of her health and her

mother's health, and she requested that counsel hold a teleconference deposition or

travel to Louisiana to take her deposition.  (Docket No. 44 at 2).

    This court granted defendant's motion to compel plaintiff to appear in Colorado

for depositions (Docket No. 48 - Minute Order entered November 4, 2013), noting that

plaintiff had not provided any medical documentation with her response demonstrating

that she cannot travel and that plaintiff picked the forum to file this lawsuit.  This court

noted that unless a plaintiff can demonstrate "extreme hardship," her deposition

generally must be taken in the jurisdiction in which she filed her complaint because she

subjected herself to that jurisdiction by virtue of filing a complaint in that forum.  In

addition, this court noted that a plaintiff is generally required to bear any reasonable

burdens or inconvenience that the action presents, including travel for depositions.

Further, while noting that it was sensitive of the fact that plaintiff is caring for her mother who is ill, this court found that the costs to travel from Louisiana to Colorado do not rise to the level of "extreme hardship."  This court thus ordered that plaintiff had the option to either make arrangements for her mother's care and travel to Colorado to have her deposition taken or pay the reasonable travel costs for defense counsel (one attorney) to fly to Louisiana to take plaintiff's deposition in her home town of Alexandria, Louisiana.  Such reasonable costs were to include round trip coach airfare from Denver to Alexandria, lodging for one night, car rental for one day, and meals not to exceed $60.  The parties were directed to meet, confer, and set plaintiff's deposition, which was to be set on or before November 28, 2013.  (Docket No. 48).  Plaintiff has not filed any objections to that Minute Order.

Shortly thereafter, defendant moved to compel responses to its first set of discovery (Docket No. 49).   Defendant advised the court that it served plaintiff with its first set of discovery requests on August 22, 2013, yet despite reminders by defense counsel, plaintiff had failed to respond to the discovery requests.  Plaintiff did not respond to the motion, which was granted by this court on December 5, 2013.  (Docket No. 53).  Plaintiff was ordered to provide defendant with responses to Defendant's First Set of Discovery on or before December 30, 2013.  (Docket No. 53).  Plaintiff has not filed any objections to that Minute Order.

**PENDING DISPOSITIVE MOTIONS**

Now before the court for report and recommendation are the following two dispositive motions: (1) Defendant's Motion to Dismiss Plaintiff's Amended Complaint, or In the Alternative, Motion for More Definite Statement (Docket No. 41) and (2)

5

Defendant's Motion to Dismiss for Failure to Prosecute (Docket No. 51).  On the eve of

the deadline to respond to the second motion, plaintiff filed a letter "responding to all

motions and orders per court and defendant, requesting again motion to extend until

mid next year."  (Docket No. 57).  Plaintiff wrote:

> This is a request for motion to extend all motions to include depositions
> and order by court to meet deadline of response to defendant by 12/30/13.
> I am aware that defendant has once again requested to dismiss on lack of
> prosecution per plaintiff.
>
> Your honor as I have already presented to court, I am not able to go to
> Colorado at this time per my mothers health, my own health, and my
> financial hardship.  I am unemployed and indigent in the eyes of the law.
>
> My mother,s [sic] health I cannot disclose per privacy but she is not able to
> depend on anyone else but myself.  She has tried previously and has
> ended up in worse predicament.  My health, as you know, I am trying to
> recooperate from injury(s) not of my fault and financially I do not have the
> means to access an expense account so that defendant's attorney can
> come to Louisiana and fulfill his deposition.
>
> Also, as you know, I am representing myself and per my right to represent
> my case I would have to do my own requests for depositions and
> disclosures.  At this time my health and emotional being is not of one to
> handle defendants [sic] depositions and also my own that I have to fulfill
> per my complaint.
>
> . . .
>
> My mother is my mother and I cannot sell her out and leave her when she
> needs me, so if that is the price I have to pay so be it and may my
> complaint against Goodwill serve as precedent for others who are or will
> be violated by this company who makes money and purports to help those
> in need!
>
> Again, I am requesting your lenience to not dismiss but extend my time
> against this company Goodwill that did violate my rights and extend all
> deadlines per order of the court.  Again, I am requesting this per my
> financial hardship, my health , [sic] and my mother's health.

(Docket No. 57 at 1-2).  Plaintiff's motion was denied by this court on December 26,

2013.  (Docket No. 59).  The court noted that plaintiff's basis for her motion was

conclusory; she offered no support, such as a doctor's report or note or a financial

affidavit, to support her claims that her "health and emotional being," her financial

hardship, and her mother's health are preventing her from prosecuting the action that

she brought in this district.  In addition, plaintiff had not certified or described that she

complied with D.C.COLO.LCivR 7.1(a) prior to filing the motion.  (Docket No. 59).

Plaintiff has not filed any objections to that Minute Order.

Thereafter, defendant filed a Supplement to its Motion to Dismiss for Failure to

Prosecute.  (Docket No. 60, filed January 8, 2014).

The court has considered the two motions to dismiss (Docket Nos. 41 and 51),

defendant's supplement (Docket No. 60), and applicable Federal Rules of Civil

Procedure and case law.  In addition, the court has taken judicial notice of the court file.

The court now being fully informed makes the following findings, conclusions of law, and

recommendation.

<u>Failure to Prosecute.</u>  Defendant seeks dismissal of the Amended Complaint with

prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A) and 41(b) based upon the plaintiff's

repeated and ongoing failure to prosecute this matter and her violation of this court's

order directing her to work with defendant to schedule her deposition by November 28,

2013.  Defendant notes that plaintiff has not responded to its motion to dismiss her

Amended Complaint, has not responded to written discovery, did not respond to

defendant's motion to compel regarding her failure to respond to written discovery, and

violated this court's order requiring her to cooperate with defendant to schedule her

deposition on or before November 28, 2013.  With respect to the latter, defendant avers

that following the court's order, it attempted several times to schedule plaintiff's

deposition on or before November 28, 2013.  Defense counsel called plaintiff on

November 4, 2013, and left a voice mail message for plaintiff, but she did not respond.

Defense counsel followed up his message with written correspondence, asking plaintiff

to provide him with her availability for deposition, but plaintiff failed to respond.  Counsel

then called plaintiff again on November 27, 2013, again leaving a voice mail message

for plaintiff to inquire about dates for deposition.  Once again, counsel followed up with

written correspondence.  Yet again, however, plaintiff failed to respond to either the

voice mail message or the written correspondence.

In its Supplement (Docket No. 60), defense counsel advises that since the filing

of the motion to dismiss for failure to prosecute, plaintiff has continued in her failure to

prosecute.  More specifically, plaintiff has not complied with this court's Minute Order

(Docket No. 53) directing her to serve her responses to defendant's First Set of

Discovery on or before December 30, 2013.  As of the date of the Supplement (January

8, 2014), plaintiff had not served any responses.  In addition, plaintiff failed to respond

timely to defendant's motion to dismiss, which response was due on December 27,

2013.  Rather, on December 26, 2013, plaintiff filed her letter motion for an extension of

time until mid-2014 (Docket No. 57), which was denied by this court (Docket No. 59).

As of the filing of the Supplement, plaintiff still had not responded to the motion to

dismiss.  Furthermore, since the date defendant filed the motion to dismiss for failure to

prosecute, plaintiff has confirmed that she does not intend to schedule her deposition in

Colorado or Alexandria, Louisiana.  On December 16, 2013, plaintiff contacted defense

counsel for the first time in several months and again stated that she does not plan on

8

attending a deposition in Colorado.

Defendant asserts that due to plaintiff's ongoing failure to prosecute her case, defendant cannot adequately prepare a defense to the lawsuit without her participation. According to defendant, with the exception of the Amended Complaint and limited Rule 26(a) initial disclosures, plaintiff has failed to provide the substantive information to which any party to litigation is entitled.  Moreover, according to defendant, plaintiff has not provided any information to justify or explain why she violated this court's orders and the deadlines set in the Scheduling Order (dated July 10, 2013).  Defendant contends that it has suffered substantial prejudice due to plaintiff's conduct and thus asserts that plaintiff's conduct warrants dismissal of her lawsuit with prejudice.

Defendant moves to dismiss the case under Fed. R. Civ. P. 41(b) and 37(b)(2)(A) as a sanction for plaintiff's failure to prosecute her case.  Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) **dismissing the action or proceeding in whole or in part**;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).  Rule 37(b) itself concerns sanctions available for failure to comply with a court's discovery order.

"[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct."  Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).  "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . . and (5) the efficacy of lesser sanctions."  Id. at 921.  "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."  Id.  Since the plaintiff is appearing pro se, this court has "assess[ed] whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right to access to the courts because of a technical violation."  Id. at 920 n.3.  "Dismissal is warranted when the aggravating factors outweigh the judicial system's strong

10

predisposition to resolve cases on their merits." Ecclesiastes 9:10-11-12, Inc. v. LMC

Holding Co., 497 F.3d 1135, 1144 (10th Cir. 2007) (internal quotations omitted).

Here, with respect to the first factor, the court finds that there has been substantial

actual prejudice to the defendant as a result of plaintiff's lack of participation in this case.

Plaintiff has made rambling claims in an amended pleading that is comprised of 19

handwritten pages with no numbered paragraphs and a 79-page attachment.  Defendant

has been diligent in its attempt to investigate and defend against such claims and

otherwise advance this action.  Plaintiff, however, has failed to respond to defendant's

written discovery despite this court's order to do so (Docket No. 53), did not file a

response to the motion to compel, did not respond to various voice mails and

correspondence from defense counsel, and has refused to schedule her deposition in

compliance with this court's November 4, 2013, Minute Order (Docket No. 48).

Defendant has thus been unable to obtain information reasonably necessary to defend

this action, has been caused to spend needless time and expense attempting to pursue

such discovery, and is being deprived of a prompt opportunity to have the claims against

it adjudicated.  See Ramon v. City & County of Denver, 2011 WL 222319, at *2 (D. Colo.

Jan. 21, 2011) (plaintiff's failure to provide disclosures and complete discovery response

and submit to a deposition prejudiced defendants by preventing them from investigating

plaintiff's claims, obtaining information necessary to defend the action, and timely

asserting a dispositive motion and caused them to spend needless time and expense in

preparing written discovery, attempting to obtain responses to discovery, attending a

hearing on a motion to compel, and filing a motion to dismiss as a sanction); Gomez v.

Dillon Cos., Inc., 2010 WL 1644610, at * 3 (D. Colo. Apr. 22, 2010) (defendant found to

11

have suffered substantial actual prejudice as a result of plaintiff's unwillingness to complete her first deposition and failure to attend her second deposition which brought the case to a grinding halt and resulted in a "profiligate waste" of defendant's time and resources, blocked its ability to conduct complete discovery, delayed resolution of the case, and caused it to incur significant attorney fees and costs in an effort to obtain discovery from plaintiff); Armstrong v. Swanson, 2009 WL 1938793, at *4 (D. Colo. July 2, 2009) (finding significant prejudice to defendants where plaintiff failed to respond to communications and participate in discovery which prolonged the litigation and deprived the defendants of a prompt opportunity to have the claims against them adjudicated).

Next, regarding the second factor, plaintiff has interfered with the judicial process. She has not responded to defendant's motions.  In addition, she has not complied with the court's Minute Orders of November 4, 2013 (Docket No. 48 - directing her to schedule her deposition by November 28, 2013), and December 5, 2013 (Docket No. 53 - directing her to respond to defendant's written discovery).  She also has not filed objections to the orders issued by this court.  She was aware of the various deadlines in this case, which are set forth in the Scheduling Order (Docket No. 36), yet she has essentially done nothing to pursue her claims other than provide minimal initial disclosures.

Third, plaintiff is culpable for her failure to comply with her obligations in this litigation.  She has essentially refused to prosecute her lawsuit in this forum, even though she chose this forum, and merely makes unsupported claims that due to her mental and physical health, and her purported need to be with her mother, she continually needs extensions of time to pursue her case and cannot be present in Colorado.  See M.E.N.

Co. v. Control Fluidics, Inc., 834 F.2d 869, 872-73 (10th Cir. 1987) (a willful failure is "any

intentional failure as distinguished from involuntary compliance.  No wrongful intent need

be shown.").  Plaintiff's conclusory, continuous allegations regarding her medical

condition and that of her mother "do not cause the imposition of dismissal as a sanction

to be any less appropriate."  See Smith v. City & County of Denver, 2009 WL 485163, at

*4 (D. Colo. Feb. 26, 2009) (concluding that "even with his apparently disabling medical

conditions, Plaintiff is still culpable for the excessive delay in this case.  There is no

indication that Plaintiff's medical conditions have prevented him from prosecuting this

case during the entirety of the discovery process. . . .").

Next, plaintiff was warned of possible dismissal for noncompliance with the

Federal Rules of Civil Procedure, the Local Rules of this district, and court orders in an

Order to Show Cause issued by this court on May 13, 2013 (Docket No. 23), which was

issued due to plaintiff's then failure to serve the defendant and failure to prosecute.  In

addition, defendant's motion to dismiss for lack of prosecution (Docket No. 51), and its

efforts to confer regarding the motion, gave plaintiff notice of possible dismissal with

prejudice based upon her failure to prosecute, yet plaintiff has not filed a response to the

motion.  See Gross v. General Motors LLC, 441 Fed. App'x 562, 565 (10th Cir. 2001)

(constructive notice adequate); Coad v. Waters, 2013 WL 1767788, at *5 (D. Colo. Apr.

5, 2013) (defendant's motion to dismiss also constitutes notice of potential dismissal),

adopted by 2013 WL 1767786 (D. Colo. Apr. 24, 2013); Smith v. City & County of

Denver, 2009 WL 485163, at *3 (D. Colo. Feb. 26, 2009) (defendant's warning to plaintiff

it their motion to dismiss was adequate notice).

Finally, a lesser sanction would not be sufficient.  This court's previous two orders

have not produced plaintiff's compliance.  She has continuously and repeatedly failed in her various obligations under the Local Rules and Federal Rules of Civil Procedure as set forth in the text above.  See Armstrong v. Swanson, 2009 WL 1938793, at *4 (D. Colo. 2009) (lesser sanctions were insufficient where plaintiff repeatedly failed to comply with discovery obligations).  It is highly unlikely that monetary sanctions would have any effect given plaintiff's claimed indigence.  The fifth factor thus also weighs in favor of dismissal.

In sum, it is recommended that this matter be dismissed with prejudice based upon the plaintiff's failure to prosecute.  In the interest of judicial economy, the court has not addressed the merits of the defendant's other motion to dismiss and recommends that it be denied as moot if the motion to dismiss for failure to prosecute is granted.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendant's Motion to Dismiss for Failure to Prosecute (Docket No. 51) be **granted**, and it is thus further

**RECOMMENDED** that if the above recommendation is accepted, that the Defendant's Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, Motion for More Definite Statement (Docket No. 41) be **denied as moot**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives *de novo* review of the**

**recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985),**

**and also waives appellate review of both factual and legal questions.  Makin v.**

**Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,**

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  January 16, 2014                          s/ Michael J. Watanabe
       Denver, Colorado                          Michael J. Watanabe
                                          United States Magistrate Judge